UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANA FAULKNER,<br><br>            Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | 5:26-CV-05012-CCT<br><br>ORDER TO SHOW CAUSE |

**INTRODUCTION**

This matter is before the court on the *pro se* petition of Dana Faulkner seeking habeas relief pursuant to 28 U.S.C. § 2255. (Doc. 1). Mr. Faulkner's habeas petition arises from his underlying conviction in the U.S. District of South Dakota, file number 5:17-cr-50144-CCT-1.[1] This matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

**DISCUSSION**

Mr. Faulkner's § 2255 habeas petition is subject to a one-year statute of limitation that runs from the *latest* of four specified dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The court cites to documents from Mr. Faulkner's underlying criminal case will be cited "CR" followed by the docket number.

1

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Only one of the above dates appears to be relevant here—the date on which the judgment of conviction became final. The date on which the judgment of conviction becomes final is calculated as follows:

    (1)   If *certiorari* is sought following affirmance on direct appeal: judgment becomes final on the day the Supreme Court of the United States either denies *certiorari* or affirms on the merits. Clay v. United States, 537 U.S. 522, 577 (2003).

    (2)   If *certiorari* is *not* sought following affirmance on direct appeal: judgment becomes final when the 90-day period for filing *certiorari* expires. Id.; SUPREME COURT RULE 13.

    (3)   If the conviction is reversed on direct appeal: the limitation period does not begin until both the conviction *and* sentence become final. Burton v. Stewart, 549 U.S. 147, 156 (2007).

    (4)   If no appeal is filed to the Court of Appeals: there is a split in authority. The Eighth Circuit has not yet addressed this issue. The Second, Third, Sixth, Tenth, and Eleventh Circuits hold judgement becomes final upon expiration of the period in which the defendant could have appealed to the Court of Appeals. The Fourth Circuit has held judgment becomes final on the day the District Court entered the judgment. Permitting the approach which grants a longer time period, the judgment would become final on the day on which the period of time to appeal expired.

The one-year statute of limitations is not a jurisdictional bar to a district court's review, but rather, is an affirmative defense. Day v. McDonough, 547 U.S. 198, 205 (2006). The statute of limitations defense, therefore, can be waived by the government. Even if the government waives the limitations

defense, the court has the discretion to dismiss a motion as untimely *sua sponte*, so long as the court "accord[s] the parties fair notice and an opportunity to present their positions[,]" ensures the petitioner "is not significantly prejudiced by the delayed focus on the limitation issue[,]" and "determine[s] whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred."

The statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 650 (2010); United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). A petitioner may toll the statute of limitations by showing "(1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) (citing Holland, 560 U.S. at 649). The burden is on the petitioner to demonstrate circumstances exist for equitable tolling. Holland, 560 U.S. at 650; Martin, 408 F.3d at 1092.

In the present case, Mr. Faulkner plead guilty on July 1, 2019. (CR 118). He was sentenced by the District Court and a judgment was entered on October 29, 2019. (CR 136). Mr. Faulkner did not file an appeal. Mr. Faulkner's conviction became final for purposes of a § 2255 habeas petition on November 13, 2019, *i.e.* 14 days following entry of judgment which is when his time to file a notice of appeal expired. As such, the deadline for filing the present habeas petition was November 12, 2020. Mr. Faulkner's present §

3

2255 habeas petition was not filed until **February 2, 2026, or 1908 days after the deadline had expired.**[2]

Although Mr. Faulkner makes an attempt in his petition to assert that his petition is subject to equitable tolling, much of his argument is focused on circumstances related to his pretrial incarceration. He largely fails to address the relevant factors the court is to consider.

The court has raised the statute of limitations issue *sua sponte*. As discussed *infra*, even if the government waives the limitations defense, the court has the discretion to dismiss a motion as untimely. Before acting on its own initiative to dismiss the federal petition based on the statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id. Accordingly, the Court will order the parties to show cause why this federal petition should not be dismissed as untimely.

## CONCLUSION and ORDER

Based on the foregoing facts, law and analysis, it is hereby

---

[2] Federal prisoners are afforded the benefit of the "mailbox rule" regarding timely filing of § 2255 petitions. The § 2255 habeas petition will be deemed "filed" the day it is placed into the prison mailing system. However, if the prison has a system designed for legal mail, the inmate must use that system to receive the benefit of the mailbox rule. Rules Governing § 2255 Cases, Rule 3. However, Mr. Faulkner did not certify when his petition was placed into the prison mailing system.

ORDERED that the Clerk of Court will deliver or serve a copy of the habeas petition (Doc 1) on the United States Attorney for the District of South Dakota. It is further

ORDERED that both Mr. Faulkner and the government shall, within 30 days of the date of this order, file responses to this court's order and shall show cause why Mr. Faulkner's § 2255 motion should--or should not--be dismissed as untimely.

**MR. FAULKNER IS HEREBY SPECIFICALLY NOTIFIED THAT FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE MAY RESULT IN DISMISSAL OF HIS § 2255 MOTION**.

DATED this 11th day of March, 2026.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge